IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABDUL SABOOR SAYEDAN KHIL,

Petitioner,

v. No. 1:26-cv-00986-KG-KRS

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Abdul Saboor Sayedan Khil's Motion for Status Update and Request for Ruling, Doc. 9. Having reviewed Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, the Government's Response and Supplemental Exhibit, Docs. 5, 8, and Petitioner's supplemental briefing, Docs. 6, 10, the Court grants the petition.

## *I. Background*

Petitioner is a citizen of Afghanistan. Doc. 5 at 2. He was detained upon entry into the United States on December 13, 2024, near El Paso, Texas. Doc. 5-1 at 1. The Department of Homeland Security ("DHS") began expedited removal proceedings, but subsequently placed Petitioner "into INA § 240 removal proceedings for adjudication of his asylum claim." Doc. 5 at 2. On November 17, 2025, his application for asylum was denied, and he was order removed to Afghanistan. Doc. 5-2. Petitioner has appealed the order of removal, and his appeal remains pending before the Board of Immigration Appeals ("BIA"). Doc. 5 at 1. He is currently detained at the Torrance County Detention Center in New Mexico. Doc. 1 at 1.

Petitioner seeks release from unreasonable and indefinite detention in violation of the Fifth Amendment's Due Process Clause. *Id.* at 6. The Government opposes the motion, arguing

that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that his continued detention pending a final removal order is "both lawful and mandatory." Doc. 5 at 7.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## *III. Analysis*

For the reasons below, the Court concludes that (A) Petitioner's detention is governed by § 1225(b), but (B) his prolonged detention violates his due process rights, and (C) the appropriate remedy is a bond hearing.

### *A. Petitioner is properly detained under § 1225(b).*

Section 1225(b) governs noncitizens "seeking admission" into the United States who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) (noting that a noncitizen is "seeking admission" when they are "seeking to enter the United States at the border"). Section 1225(b) "makes no mention of bond and instead mandates that noncitizens subject to its authority shall be detained." *Santillan Quiroz*, 180 F.4th at 1234 (internal quotation marks and citations omitted); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1238 (D.N.M. 2025) ("Noncitizens detained under § 1225 are not entitled to bond hearings."). Here, Petitioner was detained immediately following entry into the United States

near the border at El Paso, Texas. As such, he is an arriving alien properly detained under § 1225(b).[1]

***B. Petitioner's prolonged detention violates due process.***

Next, Petitioner argues that his 19-month detention is "unreasonable and indefinite" in violation of the Fifth Amendment's Due Process Clause. Doc. 1 at 6. The Court agrees.

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Courts have construed the Due Process Clause as providing individuals with two protections against arbitrary government action: "fair process" (procedural due process) and "heightened protection against government interference with certain fundamental rights" (substantive due process). *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Procedural due process "precludes the government from depriving a person of life, liberty, or property in an unfair manner," while substantive due process "precludes the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" *Ho v. Greene*, 204 F.3d 1045, 1058 (10th Cir. 2000), *overruled in part by Zadvydas v. Davis*, 533 U.S. 678 (2001).

The "Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In the immigration context, "the nature of [the Due Process Clause's] protection may vary depending upon status and circumstance." *Id.* at 694; *see also Jennings v. Rodriguez*, 583 U.S. 281, 314 (2018) ("Due process is flexible...it calls for such procedural protections as the particular situation demands." (alteration omitted)). Unlike citizens, lawful

[1]The Court uses the term "arriving alien" to refer to the class of noncitizens detained at the border. 8 C.F.R. § 1.2.

permanent residents, or other lawfully admitted noncitizens, arriving aliens "are not entitled to the full range of constitutional protections" provided by the Due Process Clause. *Em v. Mayorkas*, 2026 WL 1396218, at *3 (W.D. Tex.). Indeed, "[w]hile aliens who have established connections in this country have due process rights in deportation proceedings...an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." *Thuraissigiam*, 591 U.S. at 107.

In *Thuraissigiam*, the Supreme Court reaffirmed that an arriving alien claiming asylum "has no entitlement to *procedural rights* other than those afforded by statute." *Id.* (emphasis added). An arriving alien "requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." *Id.* at 139 (quoting *Landon v. Plasencia*, 459 U.S. 21, 32 (1982)). Under Congress's plenary authority, it has "the power to set procedures to be followed in determining whether an alien should be admitted." *Id.* at 140. In the Court's view, § 1225 only provides an arriving alien claiming asylum "the right to a determination whether he had 'a significant possibility' of 'establishing eligibility for asylum.'" *Id.* That being so, the "Due Process Clause provides nothing more."[2] *Id.*; *accord Sierra v. Immigration & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) (holding "whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned"); *Giraldo Nieto v. Ceja*, 2025 WL 4087626, at *7 (D. Colo.) ("[P]rocedural due process does not afford inadmissible arriving aliens subject to prolonged detention a right to release or a bond hearing prior to the conclusion of removal proceedings."); *Loveline Mah Mbaku v. Mullin*, 2026 WL 1959355, at *4 (D.N.M.) (same); *Bataineh v.*

[2]Here, Petitioner has not argued that he has not received such determination or alleged that the Government otherwise failed to administer the applicable statutory process. As a result, the Court concludes that Petitioner's detention does not violate his procedural due process rights.

*Lundgren*, 2020 WL 3572597, at *8 (D. Kan.) (concluding "the applicable statutory process shapes an arriving alien's procedural due-process rights and therefore they have no statutory right to release or a bond hearing").

Nonetheless, "[a]rriving aliens, even if at the lower level of [the] due process totem pole, are still entitled to due process." *Em*, 2026 WL 1396218, at *5; *see Santillan Quiroz*, 180 F.4th at 1250 (noting "the Supreme Court has never said that due process protections fall away completely"). The Fifth Amendment provides arriving aliens claiming asylum "*substantive due process* protections, independent from the process § 1225 afford[s]." *Singh*, 2026 WL 146005, at *36 (emphasis added). Arriving aliens claiming asylum "are entitled to be free from detention that is arbitrary or capricious." *Demore*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring); *see Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause).

Accordingly, due process requires that the duration of mandatory detention under § 1225 bear "a reasonable relation to the purpose for which the individual was committed." *Zadvydas*, 533 U.S. at 690. To be sure, the Supreme Court rejected the notion that § 1225 imposes any limit on the length of detention. *Jennings*, 583 U.S. at 297. By its nature, mandatory detention under § 1225 is definite—its "obvious termination point" is the entry of a final removal order. *Zadvydas*, 533 U.S. at 697. Consequently, detention pending removal proceedings "is a constitutionally permissible part of the process." *Demore*, 538 U.S. at 530. Notwithstanding this fact, "[d]etention pending deportation seems properly analogized to incarceration pending trial or other disposition of a criminal charge, and is, thus, justifiable only as a necessary, temporary measure." *Rodriguez-Fernandez*, 654 F.2d at 1387. The reason being that "[a] statute permitting

indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. As the Supreme Court explained:

> Where a person is detained by executive order, rather than, say, after being tried and convicted in a court, the need for collateral review is most pressing. A criminal conviction in the usual course occurs after a judicial hearing before a tribunal disinterested in the outcome and committed to procedures designed to ensure its own independence. These dynamics are not inherent in executive detention orders or executive review procedures. In this context the need for habeas corpus is more urgent. *The intended duration of the detention and the reasons for it bear upon the precise scope of the inquiry*. Habeas corpus proceedings need not resemble a criminal trial, even when the detention is by executive order. But the writ must be effective. The habeas court must have sufficient authority to conduct a meaningful review *of both the cause for detention and the Executive's power to detain*.

*Boumediene v. Bush*, 553 U.S. 723, 783 (2008) (emphasis added). In effect, where "imprisonment is for an indefinite period, continued beyond reasonable efforts to expel" the noncitizen, "such imprisonment is impermissible punishment rather than detention pending deportation." *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

Thus, § 1225 authorizes prolonged mandatory detention only where the Government provides a "special justification" for detention that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). In those circumstances, "the burden is upon the government to show that the detention is still temporary pending expulsion, and not simply incarceration as an alternative to departure." *Rodriguez-Fernandez*, 654 F.2d at 1390; *see Zadvydas*, 533 U.S. at 690 (explaining "where detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was committed" (alterations, internal quotation marks, and citation omitted)); *see also Giraldo Nieto*, 2025 WL 4087626, at *8 ("A noncitizen's substantive due-process rights may be violated if immigration detention becomes punitive.").

Under these principles, the Government has not met its burden to show that Petitioner's detention is non-punitive or otherwise justified. Petitioner has been detained for 19 months. The Government offers no explanation for its delay in adjudicating Petitioner's asylum claim, nor does it provide a general timeline for when Petitioner's appeal will be resolved by the BIA. The continued delay in completing deportation proceedings infringes on Petitioner's liberty interest in being free from arbitrary detention. *See, e.g.*, *Mardanpour v. Warden*, 2026 WL 963164, at *6 (D.N.M.) (concluding 14-month detention violated due process); *Loveline*, 2026 WL 1959355, at *5 (noting 18-month detention violated due process).

The Government asserts that it suspects Petitioner "of participating in torture and human rights violations in Afghanistan." Doc. 8 at 1. However, the Government fails to explain why Petitioner must continue to be detained pending removal (e.g., whether Petitioner is a danger to the community or flight risk). That Petitioner is suspected of participating in torture is insufficient to justify Petitioner's continued detention without bond as it requires the Court to presume that Petitioner is dangerous or a flight risk. The Government has not argued that suspected persecutors are inherently dangerous as a class of persons or otherwise present a flight risk. *See e.g.*, *Santillan Quiroz*, 180 F.4th at 1250 (noting due process was not offended where Congress mandated detention of noncitizens who had participated in Communist activities because Congress found such noncitizens "were a menace to the security of the United States").

To be sure, the Immigration and Nationality Act bars a noncitizen seeking asylum from obtaining refugee status if he "assisted or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular group, or political opinion." *Negusie v. Holder*, 555 U.S. 511, 513–14 (2009) (quoting 8 U.S.C. § 1101(a)(42)); 8 U.S.C. § 1158(b)(2)(A). The Court acknowledges that individuals who themselves committed or

materially contributed to persecution should not benefit from the protections of asylum. Even so, the Government has not provided a special justification for Petitioner's continued detention that outweighs his right to be free from arbitrary physical confinement. Nor has the Government shown that Petitioner's detention remains temporary pending removal or that Petitioner's incarceration has not become punitive or an alternative to deportation. For these reasons, Petitioner's prolonged detention violates his substantive due process right to be free from arbitrary physical restraint.

***C. The remedy is a bond hearing.***

The Court will order the Government to provide Petitioner an individualized bond hearing before a neutral immigration judge. While the Government has a strong interest in enforcing its immigration laws, "its interest in detaining noncitizens absent a rational reason for doing so is low." *Mendibaev v. Lyons*, 2026 WL 917457, at *7 (D.N.M.). The Court recognizes that providing Petitioner a bond hearing necessarily entails an "administrative burden[ ]." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, 2025 WL 1158841, at *9 (E.D. Cal.) (citing cases). The Government does not argue that a bond hearing would be unduly burdensome—rather, if there is to be a remedy, it is its preferred outcome. Doc. 8 at 1. And because Petitioner's removal proceedings will continue regardless of his detention status, a bond hearing does not interfere with the Government's "sovereign prerogative...to decide which [noncitizens] to admit." *Landon*, 459 U.S. at 32; *see also Mendibaev*, 2026 WL 917457 at *7 ("[T]he Court limits itself to assessing Petitioner's statutory and constitutional rights regarding pre-removal detention, which falls well within its authority to

do."). Nor does this Order affect the Government's authority to detain Petitioner after a final order of removal issues. *See* § 1231(a).

## *IV. Conclusion*

For the reasons stated, Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is granted.

1. Within 14 days of this Order, the Government shall provide Petitioner with an individualized bond hearing before an immigration judge.
2. At the hearing, Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community.
3. If a bond hearing is not provided within 14 days, Petitioner shall be released under appropriate conditions of supervision.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.